**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UDHAM SINGH, | No. 13-70315 |
| Petitioner, | Agency No. A079-587-663 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2019**

Before:     FARRIS, D.W. NELSON, TROTT, Circuit Judges.

Udham Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for withholding of removal and relief

under the Convention Against Torture ("CAT").  Singh concedes he is not eligible

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for asylum.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in toto Singh's petition for review.

The agency denied withholding based on adverse credibility. First, the agency's implausibility finding regarding the unlikely peregrinations of Singh's errant passport allegedly from Mexico to India and then to him in the United States was well within its prerogative.

Second, the agency's adverse credibility determination based on a previous adverse credibility finding entered against Singh in an earlier proceeding, was equally valid. As the BIA explained,

> We find no clear error in the Immigration Judge's adverse credibility finding. *See Matter of R-S-H-*, 23 I&N Dec. 629, 637 (BIA 2003) (explaining the highly deferential nature of clear error review). The Immigration Judge relied in significant part on the fact that the applicant, in the course of presenting his asylum claim in his prior proceeding, was found not credible by the Immigration Judge. This determination was upheld by the Board and the United States Court of Appeals for the Ninth Circuit. While an adverse credibility finding might not necessarily dictate a lack of credibility in subsequent proceedings, we find that its consideration in

13-70315

this case was appropriate. *See* section 241(b)(3)(C) of the Act (referring to section 208(b)(1)(B)(iii) of the Act, which states that credibility should be evaluated under the totality of circumstances and based on all relevant factors). Notably, the applicant's prior claim was based on his ties or imputed ties to the Shiromani Akali Dal Mann political party, which is the basis of his current claim. The finding was also upheld on multiple levels of review, and the applicant still maintains that he had been truthful.

Thus, substantial evidence supports the agency's adverse credibility determination.

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of India. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

*Singh v. Barr*, 13-70315

D.W. NELSON, Circuit Judge, dissenting:

I respectfully disagree with my colleagues reasoning and decision in this case. I would grant Singh's petition.

The IJ's adverse credibility determination is not supported by substantial evidence because the IJ did not articulate "specific and cogent" reasons or "refer to specific instances in the record" to support her determination. *Shrestha v. Holder*, 590 F.3d 1034, 1039, 1044 (9th Cir. 2010). All the IJ said was that she did not find Singh's explanation about the loss of his passport plausible ("The plausibility of that statement is somewhat suspect."). The IJ's reason is neither specific nor cogent.

Moreover, neither the IJ nor the BIA refer to specific instances in the record to support an adverse credibility finding related to Singh's explanation about how he lost his passport. Nor could they. The record evidence corroborates Singh's explanation. It indicates that Singh used his passport to depart India and enter Guatemala, he did not have his passport when he entered Mexico or the United States, and Singh's attorney had his passport at the time of the hearing.

Given this record evidence the IJ needed to specifically state why she found it implausible that Singh's agent in Guatemala sent Singh's passport to Singh's mother, who then sent it to Singh in the United States. I suspect the reason the IJ

1

did not offer a specific and cogent reason for the implausibility of Singh's explanation is because there appears to be no other explanation that accounts for this evidence.

Because substantial evidence does not support the IJ's adverse credibility finding as it relates to Singh's passport explanation, then all that is left to support the IJ's current adverse credibility finding is the adverse credibility finding from the previous proceeding. In relying on the previous adverse credibility finding, the IJ in did not identify any specific falsehood or inconsistency or state any reasons why Singh's previous testimony indicated that his current testimony was not credible. By failing to identify any specific factor, the agency insulated the adverse credibility determination from review. *See Shrestha*, 590 F.3d at 1042–44. First, using the legal standard articulated above, e.g., specific and cogent reasons, the IJ cannot merely cite to a previous adverse credibility finding, as the sole reason, to support a current adverse credibility finding. Second, such a rule would create a perverse incentive for IJs not to give reasons for their findings if there is a previous adverse credibility finding. The cases cited by the government—*Li* and *Yang*—are distinguishable.

In *Al-Saher v. INS*, we rejected the BIA's reasoning and ruling that extended detention and repeated police beatings for three days do not rise to the level of torture, as defined by the Convention Against Torture (CAT), and rather are a

lesser form of cruel, inhuman or degrading treatment. 268 F.3d 1143, 1147 (9th Cir. 2001) ("The BIA addressed Al–Saher's torture claim and concluded that the arrests did not amount to torture as defined in the regulations. Accepting Al–Saher's testimony as true, we must disagree.").

Moreover, the federal regulations that codify CAT state that pain or suffering arising from inherent or incidental lawful sanctions do not amount to torture. 8 C.F.R. § 208.18(a)(3). The key words here are lawful sanction. There was nothing lawful about the police beatings from which Singh suffered. While it is true that we have seen cases with more severe forms of torture, neither the case law nor the relevant regulations say that only the most severe forms of torture warrant relief.

I would grant Singh's petition in its entirety.